FILED
2012 NOV 27 A 11:55
U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TYEHIMBA A. ADEYEMI,
    Plaintiff,

v.

COUNSELOR PALMIERI, et al.,
    Defendants.

PRISONER
CASE NO. 3:12-cv-1030(JBA)

## RULING AND ORDER

The plaintiff, currently incarcerated at Corrigan-Radgowski Correctional Institution in Uncasville, Connecticut, has filed a complaint *pro se* under 42 U.S.C. § 1983. The plaintiff names Counselor Palmieri, Mailroom Supervisor John or Jane Doe and Attorney Kenneth Speyer as defendants.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* This requirement applies both where the inmate has paid the filing fee and where he is proceeding *in forma pauperis*. See *Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to liberally construe a *pro se* complaint, see *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The plaintiff alleges that on January 19, 2010, he filed a civil action in New Haven Superior Court against Department of Correction officials regarding injuries he suffered when he fell in the shower in a correctional facility. The plaintiff filed motions and responded to motions. On April 26, 2010, the plaintiff was transported to University of Connecticut Health Center for hip replacement surgery. In May 2010, he received copies of two motions to dismiss filed in the state court matter. The plaintiff sent a letter to the clerk in the New Haven Superior Court

requesting an extension of time to respond to the motions to dismiss. On July 7, 2010, the plaintiff filed a motion for judgment on the pleadings and September 9, 2010, the plaintiff filed a motion for default in the state case. On November 2, 2010, the plaintiff sent a letter to the Chief Clerk in the New Haven Superior Court seeking a status report. The plaintiff did not receive a response to his motions or his letters.

On November 14, 2010, the plaintiff wrote to Attorney Kenneth Speyer at the Inmates' Legal Assistance Program and asked him to inquire about the status of his state case. On December 16, 2010, the plaintiff spoke to Attorney Speyer on the telephone and learned that his state case had been dismissed in June 2010. The Notice of Dismissal had been mailed to the plaintiff at Cheshire Correctional Institution. The plaintiff seeks monetary damages.

The plaintiff alleges that Attorney Speyer's failure to respond to his November 14, 2010, letter made it impossible for him to meet a deadline for re-filing his case with the Office of the Claims Commissioner. The plaintiff concedes that the New Haven Superior Court did not return copies of his complaint, motions and other documents until February 2011.

In order to state a claim for relief under section 1983 of the Civil Rights Act, the plaintiff must satisfy a two-part test. First, he must allege facts demonstrating that defendant acted under color of state law. Second, he must allege facts demonstrating that he has been deprived of a constitutionally or

federally protected right. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982); *Washington v. James*, 782 F.2d 1134, 1138 (2d Cir. 1986). In *Lugar*, the Supreme Court held that conduct constitutes state action when a deprivation of rights is "caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible," and "the party charged with the deprivation [is] a person who may fairly be said to be a state actor." *Id.* at 937.

As a general rule, a public employee acts under color of state law when he or she acts in his or her official capacity or exercises his or her responsibilities pursuant to state law. *See West v. Atkins*, 487 U.S. 42, 50 (1988). In *Polk County v. Dodson*, 454 U.S. 312 (1981), the Supreme Court recognized an exception to the general rule. "[A] public defender does not act under color of state law when performing the traditional functions of counsel to a criminal defendant." *Id.* at 317. *See also Housand v. Heiman*, 594 F.2d 923, 924-25 (2d Cir. 1979). The Court distinguished a public defender from the typical state employee or state actor and noted that "[w]hile performing his duties, the public defender retains all of the essential attributes of a private attorney, including, most importantly, his 'professional independence,' which the State is constitutionally obliged to respect." *West*, 487 U.S. at 50 (quoting *Polk County*, 454 U.S. at 321-22). In addition, "when representing an indigent defendant in a state criminal proceeding, the public defender does not act under color of state law for the

purposes of § 1983 because he 'is not acting on behalf of the State; he is the State's adversary.'" *Id.* (quoting *Polk County*, 454 U.S. at 323 n.13). Similarly, attorneys appointed to represent indigent litigants are not considered to be acting under color of state law. *See, e.g., Peavey v. Polytechnic Institute of New York*, 775 F. Supp. 75 (E.D.N.Y. 1991) (private attorney), *aff'd*, 969 F.2d 1042, *cert. denied*, 506 U.S. 922 (1992); *Neustein v. Orbach*, 732 F. Supp. 333 (E.D.N.Y. 1990) (Legal Aid attorney does not act under color of state law (citing *Lefcourt v. Legal Aid Society*, 445 F.2d 1150, 1157 (2d Cir. 1971)).

Defendant Speyer is a private attorney who provides legal assistance to Connecticut inmates pursuant to a contract with the Connecticut Department of Correction. This court has previously held that attorneys working for ILAP pursuant to a contract with the State of Connecticut to provide legal assistance to inmates incarcerated in Connecticut in civil matters against the Department of Correction are not state actors under section 1983. *See McCarthy v. Armstrong, et al.*, Case No. 3:96cv517 (PCD) (HBF) (D. Conn. May 28, 1998) (ruling granting defendants' motion to dismiss civil rights complaint because Schulman not acting under color of state law). *See also McArthur v. Bell*, 788 F. Supp. 706, 710, n.1 (E.D.N.Y. 1992) (holding that a private attorney generally is not considered a state actor for purposes of section 1983) (citations omitted).

Because Attorney Speyer was acting as a private attorney in

performing obligations under the contract with the Department of Corrections, the court concludes he is not acting under color of state law. Thus, the plaintiff has failed to state a claim upon which relief may granted against Attorney Speyer.

The plaintiff alleges that he filed a civil action in the New Haven Superior Court on January 19, 2010. *See Adeyemi v. Alves, et al.*, Case No. NNH-CV10-5033109-S (filed Jan. 19, 2010).[1] The defendants moved to dismiss the action on March 4, 2010. The docket reflects that the plaintiff filed two motions to dismiss on March 19, 2010 and a motion to amend the complaint on April 8, 2010. A clerk docketed a motion for extension of time filed by the plaintiff on May 26, 2010. The court granted the defendants' motion to dismiss without prejudice on June 3, 2010. The court noted that it lacked jurisdiction as a result of insufficiency of service of the complaint on the defendants. On June 18, 2010, the Clerk docketed a letter filed by the plaintiff. In August and September 2010, the Clerk docketed motions for default and for judgment filed by the plaintiff.

It is well settled that inmates have a First Amendment right

---

[1] The docket sheet for this case may be found at: http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=NNHCV105033109S (last visited November 14, 2012). The court takes judicial notice of the docket sheet. *See Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir.1991) ("[C]ourts routinely take judicial notice of documents filed in other courts"); *In re Enron Corp.*, 379 B.R. 425, 431 n. 18 (S.D.N.Y.2007) ("Judicial notice of public records such as court filings, is clearly appropriate.").

of access to the courts.  *See Bounds v. Smith*, 430 U.S. 817, 828 (1977) *(modified on other grounds by Lewis v. Casey*, 518 U.S. 343, 350 (1996)).  To state a claim for denial of access to the courts, the plaintiff is required to demonstrate that the defendants acted deliberately and maliciously and that he suffered an actual injury. *See Lewis*, 518 U.S. at 353.  To establish an actual injury, plaintiff must allege facts showing that the defendant took or was responsible for actions that hindered his efforts to pursue a legal claim, prejudiced one of his existing actions, or otherwise actually interfered with his access to the courts.  *See Monsky v. Moraghan*, 127 F.3d 243, 247 (2d Cir. 2002)).

The plaintiff alleges that in May 2010, defendants Palmieri and Doe did forward to him at UCONN Health Center copies of motions to dismiss filed in his state case.  The plaintiff claims that Counselor Palmieri and Mailroom Supervisor Jane or John Doe neglected to forward his legal mail to him during the month of June 2010.  As a result, he did not find out that the court had granted the defendants' motion to dismiss until November 2010.  The plaintiff contends that at the time he found out that the case had been dismissed, the deadline for filing a claim with the Office of the Claims Commissioner had elapsed.

Allegations of negligence are not cognizable in a Section 1983 action.  *See Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986) (holding that negligence on the part of prison officials is insufficient to establish liability under section 1983); *Poe v.*

7

*Leonard*, 282 F.3d 123, 145 (2d Cir. 2001) ("mere negligence is insufficient as a matter of law to state a claim under section 1983"); *Hayes v. New York City Dep't of Corrections*, 84 F.3d 614, 620 (2d Cir. 1996) (same). Thus, the claim that Mailroom Supervisor Doe and Counsel Palmieri neglected to forward legal mail to him in June 2010 does not state a claim upon which relief may be granted.

Furthermore, the alleged failure of Defendants does not constitute a denial of access to courts. The plaintiff claims that he sent letters and motions to the court in July, September and November 2010, but received no response from the Clerk. Defendants Doe and Palmieri had no control over the Clerk's failure to respond to letters from the plaintiff about the status of his case. In addition, the plaintiff does not assert that he attempted to call the Connecticut Superior Court Clerk to find out the status of his case after the Clerk failed to respond to his letters. Furthermore, the Connecticut Superior Court Judge dismissed the case without prejudice for failure to effect service of the complaint. Thus, the plaintiff was not precluded from moving to reopen the case or filing a new action. Accordingly, the claims against defendants Palmieri and Doe are dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

## ORDERS

The court enters the following orders:

(1)     The federal claims against the defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).  The plaintiff's Motions for Judgment on the Pleadings and for Summary Judgment [**Docs. Nos. 5, 6**] are **DENIED** as moot.  The court declines to exercise supplemental jurisdiction over any state law claims.  See *United Mine Workers v. Gibbs*, 383 U.S. 715, 715-26 (1966) (holding that, where all federal claims have been dismissed before trial, pendent state claims should be dismissed without prejudice and left for resolution by the state courts).

If the plaintiff chooses to appeal this decision, he may not do so *in forma pauperis*, because such an appeal would not be taken in good faith.  See 28 U.S.C. § 1915(a)(3).  The Clerk is directed to enter judgment for the defendants and close this case.

(2)     **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit and a copy of this Ruling and Order to the plaintiff.

SO ORDERED at New Haven, Connecticut this 21st day of November, 2012.

/S/
JANET BOND ARTERTON
UNITED STATES DISTRICT JUDGE